THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HAMAL JACOB STRAND,

        Plaintiff,

   v.

CAROLYN JEWETT, *et al.*,

        Defendants.

CASE NO. C19-1274-JCC

ORDER

This matter comes before the Court *sua sponte*. On August 19, 2019, United States Magistrate Judge Michelle L. Peterson granted Plaintiff's motion to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. In order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Conclusory allegations of law and unwarranted factual inferences are not sufficient to state a claim. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Dismissal is appropriate if a complaint fails to put forth "a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

ORDER
C19-1274-JCC
PAGE - 1

Plaintiff's complaint does not provide grounds demonstrating that he is entitled to relief. (*See* Dkt. No. 3.) Plaintiff names San Juan County Superior Court Judge Carolyn Jewett and San Juan County Superior Court Administrator Mellissa Derksema as Defendants in his complaint. (*See id.*) Plaintiff argues that Defendants harmed him in the following ways: (1) the state court did not rule favorably for Plaintiff; (2) the state court took eight days to approve Plaintiff's IFP application; and (3) the state court acted improperly by requiring him to post a bond before appealing. (*Id.* at 2–3.) Plaintiff seeks to challenge Defendants' actions as improper and to appeal the state court's order before this Court. (*See id.*)

First, federal review of state court decisions is improper. *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). If Plaintiff seeks appellate review of the state court's decisions, he must appeal to the state appellate court.[1]

Second, it is well established that judges are absolutely immune from liability for acts "done by them in the exercise of their judicial functions." *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). As the Ninth Circuit has reiterated, a judge remains immune from suit even if the action she took was in error, done maliciously, or in excess of her authority. *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006). The exception, of course, is that judicial immunity does not extend to acts taken in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Plaintiff's claims against Judge Jewett are barred by judicial immunity. All of the actions Plaintiff alleges that Judge Jewett took were in the exercise of her judicial function and Plaintiff does not allege that Judge Jewett took action in the clear absence of all jurisdiction. (*See generally* Dkt. No. 3.) Therefore, Plaintiff's claims against Judge Jewett are not cognizable.

Finally, Plaintiff's claims against Defendant Derksema are barred by the Eleventh

---

[1] Plaintiff also seeks an apology letter from Defendants. (Dkt. No. 3 at 3.) As explained below, such relief is barred by judicial immunity as it relates to Judge Jewett. As the requested relief relates to Defendant Derksema, such relief would require review of the state court decision, and would properly be considered on appeal to a state appellate court.

Amendment. As the Ninth Circuit has explained, "[f]ederal courts are without jurisdiction to entertain suits seeking civil damages against a state." *Prod. & Leasing, Ltd. v. Hotel Conquistador, Inc.*, 709 F.2d 21, 21 (9th Cir. 1983) (per curiam). Applying that rule to county courts, the Ninth Circuit has further explained that claims against such courts, and their employees, are barred by the Eleventh Amendment. *See Simmons v. Sacramento Cty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). Therefore, Plaintiff's claims against Defendant Derksema are not cognizable.

The Court will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). No amendment can cure the complaint's defects in this case because Plaintiff's claims are barred by judicial immunity or the Eleventh Amendment. Further, if Plaintiff seeks review of any state court decisions, he must appeal to a Washington appellate court. Therefore, Plaintiff's complaint is DISMISSED without prejudice. The Clerk is DIRECTED to mail a copy of this order to Plaintiff at 470 W. 2nd St., #108, Sumas, WA 98295.

DATED this 10th day of September 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE